UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ZHAKIM WILLIAMS | : | |
| *Plaintiff* | : | CIVIL ACTION NO. 3:19-cv-00313-VLB |
| VS. | : | |
| SOUTH PARK INN, INC. AND JEFF | : | |
| KATZ | : | May 30, 2019 |
| *Defendants* | : | |

PROPOSED SCHEDULING ORDER

Pursuant to the Joint Report of Rule 26(f) Planning Meeting, ECF No.: 21, and the Court's Order granting in part a discovery stay, ECF No.: 23, the parties agree to and propose the following scheduling order to the Court:

I. **Pleadings**.

1. A settlement conference is scheduled for June 27, 2019.

2. Plaintiff filed an Amended Complaint on March 26, 2019.

3. Defendants filed a Motion to Dismiss on April 26, 2019.

4. Plaintiff filed a Second Amended Complaint on May 17, 2019 adding new Counts VI, VII, and VIII.

5. Defendants shall file a responsive pleading to the Second Amended Complaint on or before July 12, 2019.

6. If Defendants file a motion to dismiss, Plaintiff shall have until August 9, 2019 to respond.

      7.      **Plaintiff shall respond to Defendants' first motion to dismiss on or before June 25, 2019.**

II.      <u>**Discovery**</u>

      1.      **All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), be completed (not propounded) by March 31, 2020.**

      2.      **Defendants shall respond to Plaintiff's initial discovery requests on or before July 31, 2019.**

      3.      **Plaintiff shall not serve additional discovery requests prior to June 28, 2019. Depositions shall not commence prior to June 28, 2019.**

      4.      **Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by October 31, 2019. Depositions of any such experts will be completed by December 19, 2019.**

      5.      **Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they do not bear the burden of proof by December 27, 2019. Depositions of such experts will be completed by February 13, 2020.**

III.      <u>**Electronically Stored Information**</u>

      1.      **To the extent the parties intend to use search terms to identify documents, the parties will work to develop a mutually agreeable list of search terms, which may be then used to limit the amount of ESI that must be reviewed**

for production. The parties will meet and confer about such issues not later than 20 days before any production that will be subjected to a search and review technology is due to be produced.

2. The parties will collaborate as to the format(s) in which ESI shall be produced in response to future discovery requests, with the mutual goal of keeping costs down. The parties presently expect that such information will be produced in electronic form, usually as portable document files (.pdfs). When possible, PDF copies of ESI should be produced by converting the ESI to a PDF that preserves the text searchability. The producing party is not responsible for performing optical character recognition ("OCR") for physical documents that are scanned.

3. Presentation-application files (e.g., MS PowerPoint), spreadsheet-application files (e.g., MS Excel), personal databases (e.g., MS Access), photographs, PDF files, and multimedia audio/visual files such as voice and video recordings (e.g., .wav, .mpeg, and .avi files) shall be produced in native format. In the event a document subject to this paragraph requires redaction, it shall be produced as a PDF in accordance with paragraph 3 above.

4. For files not produced in their native format, each page of a produced document shall have a legible, unique page identifier ("Bates Number") electronically "burned" onto the PDF image in such a manner that information from the source document is not obliterated, concealed, or interfered with. There shall be no other legend or stamp placed on the document image unless a document qualifies for confidential treatment pursuant to the terms of a

protective order for confidential information entered by this Court in this litigation, or has been redacted in accordance with applicable law or Court order. In the case of confidential materials as defined in a protective order, or materials redacted in accordance with applicable law or Court order, a designation may be "burned" onto the document's image. Each party should use a different production prefix.

5. In cases where documents to be provided in native format are to be redacted and cannot be imaged in a readable manner (e.g., Excel spreadsheets), the producing party may redact the information from the native version of the document (but keeping a pristine non-redacted image intact and preserved) by replacing the redacted text in the appropriate columns, cells, or locations with the words "Redacted-Privileged" or "Redacted-Confidential" or a redaction black box, as preferred and/or appropriate.

6. If the items redacted and partially withheld from production are PowerPoint-type presentation decks or Excel-type spreadsheets as addressed above, and the native items are also withheld, the entire ESI item must be produced in PDF format, including all unprivileged pages, hidden fields and other information that does not print when opened as last saved by the custodian or end-user. For PowerPoint-type presentation decks, this shall include, but is not limited to, any speaker notes. For Excel-type spreadsheets, this shall include, but is not limited to, hidden rows and columns, all cell values, annotations and notes.

7. The parties do not waive any objections that they may have (including relevance, overbreadth, or other objections) to the production of the foregoing ESI.

8. The parties shall produce all documents via either a secure FTP site or encrypted or password protected physical media (e.g., hard drives, CDs, or DVDs) or other mutually agreeable media ("Production Media").

9. Plaintiff agrees to preserve electronically stored records (as they may exist) going back to May 1, 2018.

10. Defendants agree to preserve electronically stored records (as they may exist) going back to May 1, 2018.

IV. **Physical Documents**.

1. Plaintiff agrees to preserve non-electronically stored records (as they may exist) going back to May 1, 2018.

2. Defendants agree to preserve non-electronically stored records (as they may exist) going back to May 1, 2018.

V. **Privilege and Work Product**.

1. Disclosure of information that a party or non-party later claims should not have been disclosed because of a privilege, including but not limited to the attorney-client privilege or the work product doctrine, shall not constitute a waiver of, or be an estoppel to, any claim of attorney/client privilege, work product immunity, or other ground for withholding disclosure as to which the producing party would be entitled.

2.   Upon discovery by a producing party (or upon receipt of notice from another party) that he, she, or it may have produced privileged information, the producing party shall, within 10 days of such discovery, request the return of such information in writing by identifying the privileged information and stating the basis on which the privileged information should have been withheld from production. After being notified, all other parties must promptly return, sequester, or destroy the privileged information and any copies he, she, or it has of the privileged information; must not use or disclose the information until the claim or protection is resolved; and must take reasonable steps to retrieve the privileged information if he, she, or it has disclosed the privileged information before being notified.

3.   If any party disputes the privilege claim, that party shall notify the producing party in writing of the dispute and the basis therefore within 30 days and thereafter confer in good faith, in person or by telephone, regarding the disputed claim. If the parties do not resolve their dispute by agreement, the producing party or the objecting party may bring a motion for a determination of whether a privilege applies. If such a motion is made, the producing party shall submit to the Court under seal for in camera review a copy of the disputed information in connection with its motion papers. The submission to the Court shall not constitute a waiver of any privilege or protection. The producing party must preserve the information claimed to be privileged or protected until the dispute regarding its protected status is resolved.

VI. **Other Scheduling Issues**.

The parties shall contact the Court to request a conference with the Court approximately 60 days prior to the close of discovery to discuss any outstanding discovery issues, if necessary.

VII. **Summary Judgment**.

Summary judgment motions, which must comply with Local Rule 56, will be filed on or before April 1, 2020.

VIII. **Joint Trial Memoranda**.

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by May 29, 2020 or 60 days after the Court's ruling on post-discovery dispositive motions, whichever is later ("Joint Trial Memorandum Deadline").

IX. **Trial Readiness**.

The case will be ready for trial by July 31, 2020, or 120 days after the Court's ruling on post-discovery dispositive motions.

**Dated:** _____
**Hon. Vanessa L. Bryant**
**United States District Court**
**District of Connecticut**